**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LA DELL GRIZZELL, | No. 21-55956 |
| *Plaintiff-Appellant*, | D.C. No. 3:21-cv-00863-CAB-MDD |
| and | |
| JOHN DOE, Minor # 1; Minor # 2, Minor # 3, | OPINION |
| *Plaintiff*, | |
| v. | |
| SAN ELIJO ELEMENTARY SCHOOL; SAN MARCOS UNIFIED SCHOOL DISTRICT, | |
| *Defendants-Appellees*. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted July 18, 2024
Pasadena, California

Filed August 7, 2024

Before:  Kim McLane Wardlaw, Richard A. Paez, and
Gabriel P. Sanchez, Circuit Judges.

Opinion by Judge Wardlaw

# SUMMARY[*]

### Counsel Mandate

The panel affirmed the district court's dismissal without prejudice of La Dell Grizzell's *pro se* claims, brought on behalf of her minor children against the San Elijo Elementary School and the San Marcos Unified School District, alleging that the school violated the federal and state civil rights of her children.

The district court dismissed the action without prejudice because of this Circuit's long-established rule, dubbed the "counsel mandate," that precludes Grizzell, as a nonlawyer, from representing her children *pro se* in pursuing their claims

The panel held that notwithstanding concerns raised by Grizzell that the unyielding application of the counsel mandate raised grave implications for children's access to justice, it was bound, as a three-judge panel, by *Johns v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997), which holds that a parent may not proceed *pro se* on her children's behalf.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Joseph DeMott (argued), Erin E. Murphy, Mariel E. Brookins, and Zachary J. Lustbader, Clement & Murphy PLLC, Alexandria, Virginia; Carter C. White, UC Davis School of Law Civil Rights Clinic, Davis, California; for Plaintiff-Appellant.

Jennifer S. Creighton (argued), Winet Patrick Gayer Creighton & Hanes, Vista, California, for Defendants-Appellees.

## OPINION

WARDLAW, Circuit Judge:

La Dell Grizzell, acting on behalf of her minor children, sued the San Elijo Elementary School and the San Marcos Unified School District, alleging that the school violated the federal and state civil rights of her children. The district court dismissed the action without prejudice because of our long-established rule, dubbed the "counsel mandate," that precludes Grizzell, as a nonlawyer, from representing her children *pro se* in pursuing their claims. Grizzell appeals the order dismissing her children's claims. For the reasons that follow, we affirm.

### I. BACKGROUND

La Dell Grizzell enrolled her children in San Elijo Elementary School, a part of the San Marcos Unified School District, under the McKinney-Vento Homeless Assistance Act, a federal law designed to ensure that "each child of a homeless individual and each homeless youth has equal

access to the same free, appropriate public education . . . as provided to other children and youths." 42 U.S.C. § 11431(1). Grizzell's *pro se* complaint alleges that her children faced racial discrimination and other civil rights violations while enrolled at San Elijo.

According to the amended complaint, one of the Grizzell children was subjected to racial epithets on the playground; white students slapped another of the Grizzell children in the face with a lunch box, threw her food in the trash, and told her "black people are trash"; a "for sale" sign was placed around one of the Grizzell children's necks during drama class; teachers and staff made discriminatory comments, employed disparate disciplinary measures toward the Grizzell children, and engaged in other forms of "discrimination, retaliation, conspiracy, [and] abuse of power"; and ultimately, the school unlawfully unenrolled all of the Grizzell children. The *pro se* complaint lists 40 claims, including claims under the Equal Protection and Due Process Clauses of the Fourteenth Amendment, Title IV and Title VI of the Civil Rights Act of 1964, and several other federal and state education laws.

Grizzell sought to proceed without counsel before the district court. The district court held an initial hearing in which the court explained that "before the Court can do anything on the merits," Grizzell "need[ed] to have counsel." Acknowledging that "there may be some very serious allegations here," the district court explained that no matter how meritorious a suit might be, "[a] person can represent themselves, but you cannot represent others, including your own children." Following the hearing, the district court entered an order dismissing the complaint in its entirety because "Ms. Grizzell concedes that this lawsuit only concerns claims of her children." The district court

instructed that "[i]f the minor plaintiffs wish to proceed with their claims, they may do so only through an attorney licensed to practice in this court." Grizzell appealed and was granted permission to proceed *in forma pauperis*. With the benefit of court-appointed pro bono counsel, she challenges the district court's dismissal of her children's claims.

## II. ANALYSIS

Grizzell contends that she should be permitted to advance her children's claims *pro se*. Our binding precedent forecloses her from doing so.

In *Johns v. County of San Diego*, we held that "'a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.'" 114 F.3d 874, 866 (9th Cir. 1997) (quoting *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882–83 (3d Cir. 1991)). We reasoned that the right to proceed *pro se*, codified in 28 U.S.C. 1654, does not create a "true choice for minors who under state law . . . cannot determine their own legal actions." *Id.* at 876 (quoting *Osei-Afriye*, 937 F.2d at 882–83). Echoing the Third Circuit, we also observed that it "goes without saying that it is not in the interests of minors or incompetents that they be represented by non-attorneys." *Id.* (quoting *Osei-Afriye*, 937 F.2d at 882–83). Moreover, we opined that this rule necessarily followed from the more general rule that "a non-lawyer 'has no authority to appear as an attorney for others than himself.'" *Id*. at 877 (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)).

Grizzell raises a series of statutory, constitutional, and policy arguments challenging the "counsel mandate" recognized in *Johns*. Grizzell contends that the *Johns* rule is inconsistent with a child's statutory right to proceed "personally" under 28 U.S.C. § 1654, with a child's

fundamental right of access to court and equal protection rights, and with parental rights regarding the care, custody, and control of children.[1]  As a policy matter, Grizzell argues that the *Johns* rule makes "the perfect the enemy of the good," foreclosing paths to relief for children from low-income families whose options are representation by a *pro se* parent or no legal recourse at all.

Grizzell also emphasizes that other circuits have taken a more flexible approach in certain circumstances.  Although most circuits have adopted the "counsel mandate" as a general rule,[2] some circuits have relaxed the rule in the context of appeals from the denial of social security (SSI) benefits.  *See, e.g., Harris v. Apfel*, 209 F.3d 413, 414–17 (5th Cir. 2000) (observing that "prohibiting non-attorney

---

[1] Grizzell relies heavily on a recent dissent from the Fifth Circuit as well as the scholarship of Professor Lisa V. Martin.  *See Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 290–99 (5th Cir. 2023) (Oldham, J., dissenting in part and concurring in judgment); Lisa V. Martin, *No Right to Counsel, No Access Without: The Poor Child's Unconstitutional Catch-22*, 71 Fla. L. Rev. 831, 856 (2019).

[2] *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882 (8th Cir. 2020); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997).  *See also Winkelman*, 550 U.S. at 536 n.1 (Scalia, J., concurring in the judgment in part and dissenting in part) (observing that "[b]oth sides agree . . . that the common law generally prohibited lay parents from representing their children in court, a manifestation of the more general common-law rule that nonattorneys cannot litigate the interests of another" and that "[n]othing in the IDEA suggests a departure from that rule").

parents from proceeding *pro se* in appeals from administrative SSI decisions, on behalf of a minor child, would jeopardize seriously the child's statutory right to judicial review"); *Machadio v. Apfel*, 276 F.3d 103, 106–07 (2d Cir. 2002) (allowing a non-attorney parent to bring an SSI appeal on behalf of his or her child without representation by an attorney if the district court determines that the parent "has a sufficient interest in the case and meets basic standards of competence"); *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299–1301 (10th Cir. 2011) (adopting the *Harris* and *Machadio* courts' views).

Even beyond the SSI context, several of our sister circuits have acknowledged concerns about the potentially harmful effect of an unyielding application of the "counsel mandate" on children's access to justice. For example, in *Tindall v. Poultney High School District*, 414 F.3d 281, 286 (2d Cir. 2005), the Second Circuit—bound by precedent to apply the counsel mandate—observed that an unyielding application of the general rule might "force minors out of court altogether" where "counsel is as a practical matter unavailable." Further, in *Elustra v. Mineo*, the Seventh Circuit observed that the counsel mandate is "not ironclad" and decided to "give effect" to a mother's *pro se* motion, a one-off action during a brief and critical period when she was unrepresented, ratified by counsel she was later able to procure. 595 F.3d at 705–06. *Elustra* explained that this decision was the only one consistent with the purpose of the rule: "to protect the rights of the represented party." *Id.* at 706. And most notably, the Fifth Circuit in *Raskin* observed that "the absolute bar may not protect children's rights at all," and held that "an absolute bar on *pro se* parent representation is inconsistent with § 1654, which allows a *pro se* parent to proceed on behalf of her child in federal

court when the child's case is the parent's 'own.'" *Raskin*, 69 F.4th at 282, 286. The Fifth Circuit conducted a nuanced analysis acknowledging that both federal and state law have the potential to render a child's case the parent's "own." **³** *Id.*

As a three-judge panel, however, we are bound by the rule set forth in *Johns*. *See Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (a three-judge panel remains bound by prior panel precedent absent "clearly irreconcilable" intervening precedent of a higher authority). Indeed, Grizzell concedes as much and acknowledges that the only path to relief in her case is en banc review.

### III.  CONCLUSION

Grizzell unquestionably raises concerns with grave implications for children's access to justice. Our panel, however, is bound by *Johns*, which holds that a parent may not proceed *pro se* on her children's behalf. For this reason,

---

[3] The *Raskin* litigation also demonstrates at least two other potential positions on the "counsel mandate." Judge Oldham, dissenting in part, would have held that "federal law gives Raskin's minor children the unequivocal right to 'conduct their own cases personally,'" and that state law lodges the capacity to exercise that right in parents. *Id.* at 293 (Oldham, J., dissenting in part and concurring in the judgment). It is this position which Grizzell urges us to embrace. In addition, a court appointed amicus in the *Raskin* case advocated a case-by-case approach based upon the rationales courts have offered to justify the social security exception. *See* Brief of Court-Appointed Amicus Curiae Supporting Appellant Allyson Raskin, No. 21-11180, 2022 WL 3356573 at *24–25 (5th Cir. August 8, 2022) (setting forth a four-step framework for courts to apply in determining whether parents may proceed *pro se* in a particular case, including factors such as the complexity of the case and availability of counsel).

we affirm the district court's dismissal without prejudice of Grizzell's claims on behalf of her children.[4]

**AFFIRMED.**

---

[4] Grizzell's motion for initial hearing en banc, Dkt. 38, is denied. *See* General Order 5.2. Grizzell's motion to dismiss the answering brief, Dkt. 17, and motion for reconsideration, Dkt. 21, are denied as moot in light of the replacement briefing.